# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

Robert B. Long and Ginger A. Long,

        Plaintiffs,

v.

Huffy Corporation and Alliance Cycle Industry Co., LTD,

        Defendants.

_____/

Case No. 17-cv-13312

Judith E. Levy
United States District Judge

Mag. Judge Stephanie Dawkins Davis

## OPINION AND ORDER DENYING DEFANDANT ALLIANCE CYCLE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT [7] AND DENYING AS MOOT PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS [12]

This matter is before the Court on defendant Alliance Cycle Industry Co., LTD's ("Alliance") motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2) and 15(a)(1)(A). (Dkt. 7.) Alliance asserts that, as a Chinese corporation conducting business solely in China, this Court lacks personal jurisdiction over it. (*Id.* at 10.) Procedurally, plaintiffs argue that Alliance waived its personal

jurisdiction defense by failing to file a motion to dismiss under Fed. R. Civ. P. 12(b) prior to filing an answer and also by failing to raise the defense in its answer and affirmative defenses. (Dkt. 17 at 2.) Substantively, plaintiffs argue that Alliance "purposely availed itself of the privileges and benefits of conducting business in Michigan and has sufficient minimum contacts" for the Court to exercise personal jurisdiction. (*Id.*) Defendant did not file a reply, and did not address plaintiffs' procedural argument.

## I. Background

Plaintiff Robert Long was injured in a bicycle accident on September 11, 2016. (Dkt. 17 at 5.) At the time of the accident, plaintiff was riding a Huffy bicycle that he ordered online through Amazon.com. (*Id.*) Plaintiff alleges that the accident was caused by a failure of the "QR axle and fork joint," which allowed the front wheel of the bicycle to detach while he was riding. (*Id.*) Plaintiff sent a demand letter to defendant Huffy Corporation on December 12, 2016, in which he described the alleged bike failure and his resulting injuries. (*Id.* at 6.)

In the months following the accident, plaintiff engaged in a series of communications and pre-litigation negotiations with individuals including Ms. Lisa Kuo, from the Taiwan office of Cunningham Lindsay Int'l Ltd.; Mr. Charles Stoll, from the Chicago office of Cunningham Lindsay Int'l Ltd.; and Mr. David Mitchell, a defense expert who was contracted to inspect the bicycle involved in the accident. (*Id.* at 6–7.) Plaintiffs assert that during these conversations, Robert Long learned that defendant Alliance Cycle designed and built his bicycle, and that defendant Huffy Corporation was involved only in the role of United States customer support. (*Id.*)

On September 8, 2017, plaintiffs filed a complaint in Macomb County Circuit Court alleging claims of conspiracy, negligence, breach of implied warranty, breach of express warranty, and loss of consortium. (Dkt. 7-1 at 2–9.) On October 9, 2017, defendants filed an answer to plaintiffs' complaint with affirmative defenses in Macomb County Circuit Court. (Dkt. 17-2 and 17-3.) Defendants filed a notice of removal and an answer to complaint with affirmative defenses in this Court on October 10, 2017. (Dkt. 1 and 3.) Defendants' counsel filed a

3

Notice of Appearance on behalf of Alliance and Huffy Corporation in this Court on the same day. (Dkt. 2.)

On October 26, 2017, defendant Alliance filed the present motion to dismiss (Dkt. 7) and on November 3, 2017, plaintiffs filed the present motion to strike (Dkt. 12). The Court determined that, pursuant to Local Rule 7.1(f)(2), it would concurrently adjudicate both motions without the benefit of oral argument once each party had the opportunity to fully brief each motion. (Dkt. 16.)

## II. Analysis

"Rule 12 [of the Federal Rules of Civil Procedure] . . . requires that a defendant who wishes to raise a defense to the court's personal jurisdiction must do so when he makes his 'first defensive move,' whether by Rule 12 motion or by a responsive pleading." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 701 (6th Cir. 1978). Furthermore, "[c]ase law is unanimous in holding . . . that where a defendant files a pre-answer motion to dismiss or an answer, without raising the defense of a lack of in personam jurisdiction, he waives any objection to that defect." *Id.* (citations excluded). It is undisputed that defendants filed their answer with affirmative defenses on October 10, 2017 – sixteen

days before filing the present motion to dismiss and challenging the Court's jurisdiction. Accordingly, defendant Alliance has waived any objection to the Court exercising personal jurisdiction.

In addition, "because the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest, an individual may submit to the jurisdiction of the court by appearance." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011). An attorney's entrance of a general appearance constitutes a waiver of defendant's personal jurisdiction defense. *Id.* at 520. Again, it is undisputed that defendants' counsel filed an appearance on behalf of both Alliance and Huffy Corporation on October 10, 2017 – sixteen days before challenging the Court's personal jurisdiction. This, too, constitutes defendants' waiver of the right to contest personal jurisdiction.

### III. Conclusion

The Court does not find it necessary to address the substantive issues surrounding personal jurisdiction in this case because the case law is clear that Alliance waived its personal jurisdiction defense both when it filed its answer without raising the defense and when

5

defendants' counsel filed his general appearance in the case. Accordingly, defendant's motion to dismiss [7] is DENIED and plaintiffs' motion to strike defendant's motion to dismiss [12] is DENIED AS MOOT.

IT IS SO ORDERED.

Dated: January 22, 2018　　　　　　s/Judith E. Levy
Ann Arbor, Michigan　　　　　　　　JUDITH E. LEVY
　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 22, 2018.

　　　　　　　　　　　　　　　　　s/Shawna Burns
　　　　　　　　　　　　　　　　　SHAWNA BURNS
　　　　　　　　　　　　　　　　　Case Manager